**STATE OF NORTH DAKOTA**  **DISTRICT COURT**
**County of Cass**  East Central Judicial District

|  |  |  |
|---|---|---|
| Maria Wonmin Eom, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| First National Bank of Omaha, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, by and through her attorney, for her complaint against Defendant upon personal knowledge as to her own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

1. Plaintiff Maria Wonmin Eom (hereinafter "Plaintiff") is a victim of identity theft.

2. An unknown and unauthorized individual unlawfully used Plaintiff's personal information, including her social security number ("SSN") to apply for, open, and use a First National Bank of Omaha (hereinafter "FNBO") credit card in her name.

3. Plaintiff filed an identity theft report with the Federal Trade Commission and notified Defendant of the identity theft and unauthorized use of her personal information.

4. As alleged herein, FNBO repeatedly refused to investigate Plaintiff's claims of identity theft, and has instead maintained an interest in money which is the product of identity theft.

5. In addition, FNBO has furnished incorrect and/or incomplete information regarding the alleged debt based on identity theft to at least one Credit Reporting Agency

3

("CRA"). Plaintiff disputed FNBO's reporting, and FNBO failed to conduct a reasonable reinvestigation into Plaintiff's dispute, in violation of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §§ 1681 et seq.

6. Maria Wonmin Eom, by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against FNBO, for violation of the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq.

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

10. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendant named.

11. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of North Dakota.

12. At all times relevant, Plaintiff was an individual residing within the State of North Dakota.

## FCRA

13. The FCRA, found at 15 U.S.C. § 1681, et. seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information..." FCRA, 15 U.S.C. § 1681(b); *Safeco Ins. Co. of Am. V. Burr (2007)* 551 U.S. 47, 127 S.Ct. 2201, 2205. The congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy."[1] The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, who are called "furnishers."[1]

14. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

15. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p (FCRA), 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the

---

[1] FCRA, 15 U.S.C. § 1681(a)(4)

laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

16. This action arises out of Defendant's violation of the FCRA.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

18. Plaintiff is a natural person who resides in the city of West Fargo, County of Cass, State of North Dakota. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1681a(c).

19. FNBO is a United States corporation operation from an address of 1620 Dodge St, #3200, Omaha, NE. 68197 and is a "person" as defined by 15 U.S.C. 1681a(b). FNBO has a service of process address listed as 1620 Dodge St, #3290, Omaha, NE. 68197.

20. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

21. FNBO is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences.

22. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transactions.

23. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendant were agents, officers, directors, managing agents,

6

employee in doing the things hereafter mentioned, was acting in the scope of his authority as such agent, officer, director, managing agent, and employee, and with the permission, knowledge, ratification, and consent.

## FACTUAL ALLEGATIONS

24. Plaintiff is an individual residing in the city of West Fargo, County of Cass, State of North Dakota.

25. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continued to conduct business in the State of North Dakota.

26. Plaintiff is a victim of identity theft.

27. Plaintiff is 36 years old.

28. In December of 2024, Plaintiff completed a request to pull her credit reports from all three credit bureaus. In one of the credit reports, Plaintiff noticed a FNBO account with a charged off status that was not hers and that she did not authorize anyone to open on her behalf.

29. Plaintiff disputed the account to FNBO via certified mail around December 18, 2024.

30. The account was not removed from her credit reports, but rather "verified" as accurate by FNBO.

31. The dispute to FNBO included a copy of the Federal Trade Commission Identity Theft Report and notified that that Plaintiff was a victim of identity theft regarding the FNBO account she was disputing.

32. The account was not removed from her credit reports, but rather were "verified" as accurate by FNBO and CRAs.

7

33. Plaintiff is unsure as to how an unknown third party obtained access to her personal identifying information to open this credit card account without her knowledge or permission.

34. On December 17, 2024, Plaintiff made an identity theft report through the Federal Trade Commission and reported that her identity had been stolen, that someone had used her personal information to gain credit and make purchases, and that she did not know who had stolen her identity.

35. Plaintiff included the identity theft report along with her dispute letter on December 18, 2024.

36. Plaintiff has requested and demanded that she and her personal information be disassociated from the alleged debt and that FNBO stop reporting the alleged debt to Plaintiff's credit report. FNBO has failed and refused to do so.

37. FNBO has refused to adequately investigate Plaintiff's numerous claim of identity theft and has continued to report the alleged debt to Plaintiff's credit reports.

38. FNBO has maintained its claim to Plaintiff's money and/or property by maintaining that Plaintiff owes the alleged debt.

39. FNBO ignored Plaintiff's dispute and instead maintained its interest in Plaintiff's money and property that is the product of identity theft by: (1) continuing to report the alleged debt to plaintiff's credit reports, (2) continuing to attempt to collect the alleged debt from Plaintiff, and (3) maintaining that Plaintiff is responsible for paying the alleged debt – despite knowing that the FNBO account was fraudulently opened and used, and thus the debt was created as a result of identity theft.

40. FNBO purports to have an interest in Plaintiff's money and property because it is still reporting the alleged debt to Plaintiff's credit reports, it is continuing to attempt to collect the debt, and it has not disassociated this debt from Plaintiff and her personal information. This constitutes an actual or purported claim for money and/or an actual or purported interest in property on the part of FNBO.

41. Plaintiff has requested and demanded that she and her personal information be disassociated from the alleged debt, that FNBO remove the alleged debt to Plaintiff's credit reports, that FNBO stop attempting to collect the alleged debt from Plaintiff, and that FNBO acknowledge that Plaintiff does not owe this alleged debt. FNBO has failed and refused to do so.

42. Plaintiff did not consent to the use of her personal information to open the fraudulent FNBO account that FNBO is attempting to collect from Plaintiff.

## ACTUAL DAMAGES

43. As a result of Defendant's actions, omissions, and inaction, Plaintiff has suffered damage in the form of pecuniary loss, damage to credit, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's reporting of inaccurate and derogatory information, without success, including but not limited to time loss, and charges for postage.

44. Plaintiff's injuries are concrete. Defendant's conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation.

9

Furthermore, Congress enacted the FCRA to protect consumers from precisely the conduct described in this Complaint. Congress found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA was enacted to ensure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendant would, if left unchecked in a competitive marketplace, naturally propagate had Congress not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681S-2(B)(1)(A)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. On one or more occasions prior to the filing of this suit, by example only and without limitation, FNBO violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's dispute.

47. Defendant understood the nature of Plaintiff's dispute when it received ACDVs from Experian, Equifax, and TransUnion.

48. As a result of the conduct, actions and inactions of FNBO, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

49. The conduct, actions and inactions by FNBO were willful, rendering FNBO liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, FNBO was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

50. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from FNBO in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681S-2(B)(1)(B)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. On one or more occasions prior to the filing of this suit, by example only and without limitation, FNBO violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

53. As a result of the conduct, actions and inactions of FNBO, the Plaintiff suffered actual damages including without limitation, by example only and as described herein

11

on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

54. The conduct, actions and inactions by FNBO were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, FNBO was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

55. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from FNBO in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681S-2(B)(1)(C) AND (D)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. On one of more occasions prior to filing of this suit, by example only and without limitation, FNBO violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing the FNBO account through reporting said account to Plaintiff's credit files with Experian, Equifax, and TransUnion, and failing to correctly report results of an accurate investigation to each other credit reporting agency.

58. As a result of the conduct, actions and inactions of FNBO, the Plaintiff suffered actual damages including without limitation, by example and only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

12

59. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that FNBO intended their employees or agents to follow.

60. The conduct, actions and inactions by Defendant were willful, rendering FNBO liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative FNBO was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

61. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from FNBO in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

62. Plaintiff incorporates by reference fall of the above paragraphs of this Complaint as though fully stated herein.

63. Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate item of information from Plaintiff's credit file or modify the item of information upon an accurate reinvestigation.

64. The conduct, actions and inactions by Defendant was willful, rendering Defendant negligent entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

65. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered in favor of Plaintiff and against Defendant as follows:

13

a.    An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. §§ 1681n, and 1681o, against FNBO and for Plaintiff;

b.    An award of statutory damages pursuant to 15 U.S.C. §§ 1681n, and 1681o, against FNBO and for Plaintiff;

c.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, and 1681o against FNBO and for Plaintiff;

d.    An order directing that FNBO immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information against FNBO and for Plaintiff;

e.    An order directing that FNBO sends to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information against FNBO and for Plaintiff;

f.    An award of punitive damages against FNBO and for Plaintiff;

g.    Actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, against FNBO and for Plaintiff;

h.    Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, against FNBO and for Plaintiff;

i.    Punitive damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, against FNBO and for Plaintiff; and

j.    Award to Plaintiff of such other and further relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

66. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 14, 2025                              **MINNDAK LAW, PLLC**

<u>/s/Catrina Smith</u>
Catrina Smith (#0403229)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF

15